# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00212-CR

**Thomas Eugene Ludlow, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
NO. D-10-0554-SB, THE HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Thomas Eugene Ludlow pled guilty and judicially confessed to theft with two prior convictions. *See* Tex. Penal Code Ann. §§ 31.03(a), (e)(4)(D) (West 2011). In addition, Ludlow pled true to an enhancement paragraph alleging two prior sequential felony convictions, thereby increasing the punishment range from that of a state jail felony to that of a second degree felony. *See id.* § 12.42(a)(2) (West Supp. 2010). After receiving additional evidence, the trial court assessed Ludlow's punishment at confinement for twelve years in the Texas Department of Criminal Justice. *See id.* § 12.33 (West 2011).

Ludlow's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967);

*Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988).

Ludlow received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a *pro se* brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No *pro se* brief or other written response has been filed.

We have reviewed the record, including appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

However, we note that the judgment of conviction orders Ludlow to pay court costs with a notation to "SEE ATTACHED BILL OF COST." The attached "BILL OF COSTS" includes court-appointed attorney's fees in the amount of $500.00. A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by the record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Mayer*, 309 S.W.3d at 557.

The record reflects that the trial court found Ludlow indigent on two occasions, appointing counsel to represent him prior to trial and again on appeal. The court also granted

Ludlow's request for a free record on appeal. Once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); *Mayer*, 309 S.W.3d at 557. Nothing in the record indicates a change in Ludlow's financial circumstances. Further, the record contains no determination by the trial court that Ludlow has the ability to pay attorney's fees and we find no factual basis in the record to support such a determination. We, therefore, modify the judgment of conviction to order Ludlow to pay the court costs as reflected in the bill of costs minus the $500.00 attributed to court-appointed attorney's fees. *See Boone v. State*, No. 03-10-00440-CR, 2011 WL 3250573, at *1 (Tex. App.—Austin July 28, 2011) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees from bill of costs before affirming conviction in frivolous appeal under *Anders*).

As modified, the judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Modified and, as Modified, Affirmed

Filed:   January 11, 2012

Do Not Publish

3